**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brenda Biebrich, et al., | No. CV-18-01227-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| Colleen O'Donnell-Smith, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs Brenda Biebrich and Heidi Davis's (collectively "Plaintiffs") Motion for New Trial ("Motion," Doc. 23) submitted pursuant to Federal Rule of Civil Procedure ("Rule") 59(a). Defendants Colleen O'Donnell-Smith, Jennifer Hunter, Sharon Herndon, and Rebekah Scott (individually and collectively, "Defendants") filed a timely Response (Doc. 24). The Court now rules on the Motion.

**I.     BACKGROUND**

On October 23, 2018, the Court granted Defendants' Motion to Dismiss on absolute immunity grounds and the Clerk of Court entered judgment accordingly. ("Order," Doc. 21; Doc. 22). Defendants were Arizona Department of Child Safety ("DCS") employees and Assistant Attorneys General representing DCS. ("Compl.," Doc. 7 ¶¶ 3–6). Plaintiffs' underlying dispute stems from Defendants' preparation and filing of an allegedly improper motion for sanctions against Plaintiffs pursuant to Arizona Revised Statutes §§ 8-542 and 8-807 in a collateral matter. (*Id.* ¶ 58). The Court discussed the background facts in its previous Order, and need not repeat them all here. (*See* Doc. 21 at 2–3).

## II. LEGAL STANDARD

Although "Plaintiffs submit their motion for new trial pursuant to Rule 59(a)," a motion for reconsideration of dismissal is more appropriately brought under Rule 59(e) or Rule 60(b). *See Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 n.1 (D. Ariz. 2003) (noting that Rules 59(e) and 60(b) apply to reconsideration of "final judgments and appealable interlocutory orders" (citation omitted)); *see also United States v. Shiozawa*, No. 5:12-CV-02025-LHK, 2014 WL 522001, at *1 (N.D. Cal. Jan. 2, 2014) (citing *Merrill v. Cnty. of Madera*, 389 Fed. Appx. 613, 615 (9th Cir. 2010) (unpublished) ("a Rule 59(a) motion for new trial is not available on claims or causes of actions for which Plaintiffs never received a trial")). Because Plaintiffs seek "an Order altering or amending the Judgment in this case and the Motion was filed within 28 days of the entry of Judgment, the Court will construe Plaintiff[s'] Motion for Reconsideration as having been brought pursuant to Rule 59(e)." *Shaka v. Ryan*, No. CV 15-0050-PHX-SMM, 2015 WL 4162598, at *1 (D. Ariz. July 9, 2015); *see also Shapiro ex rel. Shapiro v. Paradise Valley Unified Sch. Dist. No. 69,* 374 F.3d 857, 863 (9th Cir. 2004) ("a timely filed motion for reconsideration . . . is construed as a motion to alter or amend a judgment under Rule 59(e)") (citation omitted).

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James W. Moore et al., *Moore's Federal Practice* § 59.30[4]). A district court has considerable discretion to grant a Rule 59(e) motion to alter or amend judgment if: "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotation marks and citation omitted)). However, a motion for reconsideration should not "be used

to ask the court to rethink what the court had already thought through—rightly or wrongly." *Smith v. Ryan*, No. CV 12-318-PHX-PGR, 2014 WL 2452893, at *1 (D. Ariz. June 2, 2014) (citation omitted). To be sure, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been made prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008).

## III. ANALYSIS

Here, the pending Motion does not present any "newly discovered or previously unavailable evidence," contend that reconsideration of the Court's Order granting dismissal is necessary to "prevent manifest injustice," or argue that there is an "intervening change in controlling law." *Turner*, 338 F.3d at 1063. Rather, Plaintiffs implicitly argue that the Court's Order was manifestly erroneous by arguing that the Court's determination that Defendants are entitled to absolute prosecutorial immunity is incorrect. Specifically, Plaintiffs state that "[t]he [C]ourt erred" in recognizing Defendants' "unique [government] role" based on Defendants' positions as lawyers representing DCS and DCS workers assisting in the process. (Doc. 23 at 4). Plaintiffs continue "that Defendants were [not] in the specific position to enforce the statutes within [Arizona Revised Statutes] Title 8 relating to DCS" because nothing in the relevant DCS statutes specifically "authorizes DCS or its employees (or lawyers) to initiate and pursue criminal prosecutions or to seek criminal sanctions." (*Id.*). The argument follows that Defendants are not entitled to absolute prosecutorial immunity because their activities exceeded the scope of their authority. (*Id.*).

### A. Uniquely Government Role

Plaintiffs argue that "[c]riminal prosecutors, not Department of Child Safety lawyers in Juvenile Court, are the government representatives with the unique 'prosecutorial role' to seek the criminal sanctions authorized by A.R.S. § 8-542 and A.R.S. § 8-807." (Doc. 23 at 4). As the Court reasoned in its previous Order, however, prosecutorial immunity attaches to "the nature of the function performed, not the identity of the actor who performed it." *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997) (quoting *Forrester v. White*, 484 U.S. 219, 229 (1988)); (*see also* Doc. 21 at 4–5). The Court's Order

also clarified that "courts routinely hold that absolute prosecutorial immunity applies to actors outside of the position of prosecutor, and even to individuals who are not attorneys." (Doc. 21 at 3 (citing *Meyers v. Contra Costa Cty. Dep't of Soc. Servs.*, 812 F.2d 1154, 1156 (9th Cir. 1987) (holding that a social worker was entitled to absolute prosecutorial immunity for his role in the initiation of dependency proceedings)); *see also Olsen v. Idaho State Bd. Of Med.*, 363 F.3d 916, 919 (9th Cir. 2004) (noting that the doctrine extends to cover non-prosecutors who engage in "quasi-prosecutorial acts").

Next, Plaintiffs argue that, because "the DCS statutes at issue are criminal in nature" and "have no civil remedies," Defendants acted outside their authority. (Doc. 23 at 5).[1] Plaintiffs continue that this action exceeded Defendants' authority because Defendants were not authorized "to initiate and pursue criminal prosecutions or to seek criminal sanctions." (*Id.* at 4). Elsewhere, however, Plaintiffs state that Defendants were "seeking unauthorized *civil* remedies" in the trial court. (*Id.* at 5 (emphasis added)). Nevertheless, it is undisputed that Defendants "were pursuing sanctions in Juvenile Court against Plaintiffs for alleged violations of the Juvenile Code relating to confidentiality of juvenile records." (Doc. 24 at 3). Whether these sanctions were civil or criminal is nature is immaterial to whether Defendants fulfilled a uniquely government role in attempting to enforce DCS statutes in court. (*Compare* Doc. 21 at 5 *with* Doc. 24 at 3). This holds true even if Defendants' attempt was misguided and the motion was ultimately denied by the trial court. *See Challenge, Inc. v. State*, 673 P.2d 944, 948 (Ariz. Ct. App. 1983) (holding that a prosecutor retains absolute immunity even when filing a "baseless" suit).

As the Court previously reasoned:

> Regardless, the Court sees the purpose of these statutes as protecting the interests of juveniles in dependency proceedings; a task which Defendants were uniquely assigned

---

[1] While the Court notes that Plaintiffs previously questioned Defendants' status in seeking sanctions against Plaintiffs, Plaintiffs seemingly raise the issue regarding the scope of Defendants' authority for the first time in the pending Motion. (*Compare* Doc. 23 at 4 *with* Doc. 17). As an alternative basis for rejecting this argument, "reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision." *Hawaii Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005) (citing *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

- 4 -

> to carry out as DCS employees or counsel for DCS. *Lorenz v. State*, 364 P.3d 475, 477 (Ariz. Ct. App. 2015) (explaining that statutes governing dependency proceedings "make[] clear that the intent is to protect dependent children" (citing Ariz. Rev. Stat. Ann. § 8–451(B) (setting forth that "[t]he primary purpose of [DCS] is to protect children" in the Title establishing DCS and containing the statutes implicated here))).

(Doc. 21 at 5 (alterations in original)). Accordingly, Plaintiffs fail to demonstrate a basis for reconsideration of the Court's determination that Defendants fulfilled a uniquely government role.

### B. *Butz* Factors

In its previous Order, the Court also discussed the factors ("*Butz* factors") used to determine whether the underlying proceeding sufficiently embodied the "characteristic[s] of judicial process" required for absolute immunity to apply. (Doc. 21 at 7 (citing *Cleavinger v. Saxner*, 474 U.S. 193, 202 (1985) (citing *Butz v. Economou*, 438 U.S. 478, 512 (1978)))); *see also Burns v. Reed*, 500 U.S. 478, 490 (1991) (Absolute immunity can extend to "any hearing before a tribunal which perform[ed] a judicial function" (alterations in original and citation omitted)). As Plaintiffs observe, the "Court found that all of the *Butz* factors weighed in favor of absolute immunity." (Doc. 23 at 4).

Plaintiffs take specific issue with the Court's determination as to the first *Butz* factor: "the need to assure that the individual can perform his functions without harassment or intimidation." *Cleavinger*, 474 U.S. at 202. As the Court previously reasoned, "[s]ubjecting government actors to civil liability for bringing an action pursuant to the DCS statutes implicated in this case does nothing to advance the purpose of the statutes and would undermine the 'need for the exercise of independent judgment in the conduct of public duties.'" (Doc. 21 at 8 (citing *Meyers*, 812 F.2d at 1156)). Again, Plaintiffs argue that "[t]he problem is that the DCS statutes at issue are criminal in nature." (Doc. 23 at 5). Plaintiffs likewise contend that Defendants do not fall into the class of government actors who require the protection of absolute immunity because "Defendants were so obviously outside of their authority." (*Id.*). Based on the above reasoning, the Court disagrees. *See supra* Part III(A); *see also Exxon Shipping Co.*, 554 U.S. at 485 n.5 (a Rule 59(e) motion

"may not be used to relitigate old matters, or to raise arguments or present evidence that could have been made prior to the entry of judgment").

This Court further reasoned that "[b]ecause the proceedings at issue in this case are not merely quasi-judicial proceedings, but actual judicial proceedings in Superior Court, the remaining *Butz* factors weigh in favor of granting absolute immunity." (Doc. 21 at 9). Plaintiffs' Motion does not address the particulars of the remaining *Butz* factors, but conclusorily states that "[t]he problem is that the Court's analysis simply does not apply to [D]efendants" because "[D]efendants exceeded their authority and must be denied absolute immunity." (Doc. 23 at 5–6). On this issue, Plaintiffs' arguments merely "ask the court to rethink what the court had already thought through—rightly or wrongly." *Smith v. Ryan*, No. CV 12-318-PHX-PGR, 2014 WL 2452893, at *1 (D. Ariz. June 2, 2014) (citation omitted).

Accordingly, the Court finds that Plaintiffs are unable to demonstrate that reconsideration of the Court's Order granting dismissal on the basis of absolute prosecutorial immunity to Defendants is "necessary to correct manifest errors of law or fact upon which the judgment is based." *Turner*, 338 F.3d at 1063. As Plaintiffs are unable to meet the requisite standard to alter or amend the judgment under Rule 59(e), Plaintiffs' Motion is hereby denied.

### IV. CONCLUSION

For the reasons set forth above,

**IT IS ORDERED** that Plaintiffs' Motion for New Trial (Doc. 23) is **DENIED**. This case remains closed.

Dated this 9th day of April, 2019.

James A. Teilborg
Senior United States District Judge